UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JAHMOL FACEN,<br><br>          Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br><br>          Defendant.<br>_____/ | No. C 12-04648 LB<br><br>**ORDER (1) DISCHARGING THE COURT'S OCTOBER 4, 2013 ORDER TO SHOW CAUSE AND (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>[Re: ECF Nos. 31 and 34] |

    Plaintiff Jahmol Facen filed this action and moved for summary judgment, seeking judicial review of a final decision by the Commissioner of Social Security denying him Social Security Income ("SSI") disability benefits for his claimed disabilities of Attention Deficit Disorder ("ADD") and Depression. On August 23, 20213, the court granted in part and denied in part Mr. Facen's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the case to the Social Security Administration to obtain additional and updated evidence to determine whether Mr. Facen's disability could be treated through the use of psychiatric medication. The court entered judgment in accordance with its remand order that same day.

    On September 13, 2013, Mr. Facen filed a motion for an award of $2,754.72 in attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). When the court had not received an opposition from the Commissioner within 14 days—the normal period for opposing a motion under this district's Civil Local Rules—the court ordered the Commissioner

to show cause why it had not filed either an opposition or a statement of non-opposition. The Commissioner responded to the order to show cause by pointing out that the EAJA has specific procedures for when a party may file a motion for attorney's fees. As the Ninth Circuit explained in *Hoa Hong Van v. Barnhart*:

> "The Equal Access to Justice Act (EAJA or Act) departs from the general rule that each party to a lawsuit pays his or her own legal fees." *Scarborough* [*v. Principi*], 541 U.S. [401,] 404–05, 124 S.Ct. 1856 [(2004)] (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). Under EAJA, "[a] party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses[,]" *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995), but not when the "court finds that the position of the United States was substantially justified. . . ." 28 U.S.C. § 2412(d)(1)(A).
>
> EAJA, however, limits the time during which a claimant may file a fee application. *See id.* § 2412(d)(1)(B). Under § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection. . . ." *Id.* (emphasis added). Section 2412(d)(2)(G), in turn, provides that "'final judgment' means a judgment that is final and not appealable. . . ." *Id.* As a result, in order to be timely, a party seeking attorneys' fees must file his application within 30 days after a "judgment that is final and not appealable." *Id.*

483 F.3d 600, 604 (9th Cir. 2007).

Here, as the Commissioner points out, under Federal Rule of Appellate Procedure 4, the court's decision does not become a "final judgment" until the end of the 60-day period during which the Commissioner may appeal the court's ruling. *See Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). This means that the court's decision does not become a "final judgment" until that 60-day period ends on October 22, 2013. It also means that Mr. Facen filed his motion too early. Accordingly, the court **DENIES WITHOUT PREJUDICE** Mr. Facen's motion. He may re-file it on October 22, 2013 or within 30 days thereafter. If, after meeting and conferring, the parties wish to adhere to a briefing schedule that differs from that provided by this district's Civil Local Rules (e.g., if they want more than 14 days for an opposition or 7 days for a reply), they should submit a stipulation to that effect.

The court's October 4, 2013 order to show cause is **DISCHARGED**.

This disposes of ECF No. 31 and 34.

C 12-04648 LB
ORDER        2

1    **IT IS SO ORDERED.**

2    Dated: October 11, 2013

3    _____
     LAUREL BEELER
     United States Magistrate Judge